The case on today's docket is People v. Elijah Lacy. We have Mr. Patrick Daly for the appellant, and we have Christian Burrell, and you're going to do the arguments? Okay, thank you. You may proceed, Mr. Daly. Thank you, Your Honor. Good morning. I need your support. Good morning. Counselors, this is an appeal by the state of the dismissal of a murder charge on Speedy Trout, Jackson County murder case. It's a case of novelty. It's a case of difficulty from the state's perspective in the way that we're framing this. So I'll come to that with full acknowledgement of that, but I do ask this Court to consider that this is also an issue that really hasn't been addressed by any courts in the state in the specific type of manner that is being done right here, right now. A quick factual background. The defendant was charged with murder and home invasion, robbery, a couple of other offenses, but principally first-degree murder. There were a number of delays, mostly in the early stages, continuances sought by the defendant. But what's really the germane issue here were two continuances that the state obtained. The first continuance was brought under 103-5C, which is the statute at issue here and one which allows for an extension of time beyond 120 days, a continuance, upon showing of materiality and diligence. This witness had a troubled pregnancy. She couldn't travel from Missouri to Illinois for the time of the trial. The defendant did object, but the Court granted the motion to continue and it was reset for trial. During this time period, then, another situation arose where a state's witness who daily, a Carbondale police officer, was responsible for the collection of evidence in this case, was in Afghanistan, military service at the time, was not able to come back for testimony. The state sort of laid on the table at this point, look, we can't get him back. We can offer you an alternative witness who did not actually personally collect the evidence, but observed the collection of evidence. The defendant objected to that and said, no, we feel that this is an important witness and we want to preserve our confrontation rights to the actual collector of the evidence. It's a chain of custody and it's a perfectly reasonable objection. That being the case, the state then said that, well, at this point, they were compelled to seek a second continuance of the statute to allow him to go forward to the time when he would be back for military service. At the time that this motion hearing was made for the continuance, the defendant objected and also noted that it was going to take him past 180 days. Notwithstanding that, the Court granted the motion to continue and the trial was reset. And at that point, all parties knew that this issue was out there. Correct. I mean, that's probably pretty clear from the record. Absolutely. So it wasn't any surprise then that one day in 181, when I rolled around, the defendant filed a motion to dismiss this charge, citing that the speed trial statute had been violated. This time, a different judge, Judge Ickes, this is Judge Kimel, who heard the initial motion, the previous motion. Judge Ickes, after considering the arguments of the party and giving it, obviously, a lot of thought, determined that in his interpretation of the statute, that while there's no prohibition against the state having sought two continuances under this subsection C, there was a prohibition about any time that takes it past 180 days from the date of the defendant's arrest in terms of time of tribute against the state. Therefore, granted the motion, and this is what we are. Now, when I started my argument, I made note of the fact that it's a case that's so difficult for the state. And the reason for that is because not only that there's not any authority at this point specifically, but there is authority out there that, at least tangentially, seems to be against it. I'll get that out of the way right now. There are a number of cases, Supreme Court cases, which have characterized the statute. And by the statute, I mean the relationship of subsection A and subsection C, 60-day continuance provision, as constituting a 180-day trial. There's a number of cases- It does say not more than an additional 60 days. Correct. It doesn't say not more than an additional 60 days at a time. Correct. It's a statutory interpretation argument, and I understand there's going to be different ways of looking at it. Yeah. These cases, to just kind of wrap that up, did not evaluate the statute for its language or its linguistic interpretation. They basically said this is what it says. Now, the defendant argues in their answer brief, and I think quite reasonably that, well, sure, that's what it says, and that's what they're going to say. I'll grant you that case, but it's nonetheless a little bit ridiculous. It was not an issue that was argued. It was not an issue that was briefed. And while it's not something that this Court would ignore, it is not, I don't believe, binding authority in that sense of belief that this Court is bound by. So that being the case, then I guess the next step is I'm going to ask this Court to interpret the statute, I guess as an independent interpretation rather than perhaps reliance upon casual references to 180-day-speak trial. The guiding principle of statutory interpretation is always going to be not only giving plain meaning and effect to the plain language of the statute, but it's also to not read into the statute limitations, conditions, exceptions, et cetera. While certainly it is a matter of arithmetic plausibility that you can read the 120 and the 60-degree and the 180-day term, number one, the statute does not set forth that particular time period. There is no 180-day ceiling. There's no mention of 180 days at all. The language of the statute says that if the State makes a finding of materiality and due diligence, that the Court may continue the cause and application of the State for not more than an additional 60 days. Now, of course, the not more than additional to, of course, is sort of the pitch language here, because what does that really mean? It's our belief, by giving the plain meaning of the statute, and I think a logical interpretation, and I make an argument in the brief that perhaps a contrary interpretation would render the statute unconstitutional, is that the language of subsection C is framed in terms of the Court's discretion in terms of giving a continuance to the State in a time period of 60 days, not more than 60 days. That is in addition to, obviously, subsection A's 120 days. But the continuance terms are to be considered individually, and yet, obviously, in relationship to the initial 120. In other words, the statute still prescribes a fixed time period in which the State has to bring the defendant to trial. It doesn't prescribe a 180-day fixed time period, but it does prescribe a time period, and that limitation of the statute is based upon the amount of time that the Court could grant upon a good showing of the State for continuance of the statute. I think that to interpret it the other way would be against the basic statutory interpretation principle of reading limitations, exceptions, or conditions. Certainly, if the legislature had intended to create a different time period, other than 120 days embedded in subsection A, that's how they would have drafted it. But they did draft it strictly in terms of what the Court granted as a continuance. This would be construed in addition to the initial time period. That time period stands by itself. The continuance period falls within the discretion of the circuit court to grant a continuance. That is, it operates, obviously, in conjunction with, but yet still independently of the initial 120 days, because these factors don't matter with regards to the 120-day initial time period. If the State has a problem obtaining a witness within that 120-day time period, they have to deal with the consequences of that within that scope of that initial 120 days. Mr. Daly? Yes, ma'am. Would you concede, then, that possibly the State could also ask for another continuance for another 120 days after the conclusion of the first 120 days if the DNA testing isn't completed? I would say- Because it's very similar language. I think that I would have to be, for consistency purposes, I'd have to say yes. Because it kind of ends with the same- I understand what you're saying, Your Honor. That statute is a little bit, I mean, that provision of the statute is a little bit different in terms of prospective situations, and maybe dealing with one entity that's a crime. Yeah, I understand that. But, nonetheless, there could still be problems as long as the State makes that showing that they may need an additional up to 120 days. For consistency's sake, I would have to agree with that. That would be my interpretation of that. And that being the case, of course, there is case law that has stated in terms of 140 days. There's really no case law that supports me. But there's no case law that directly is contrary to me, either, in the sense of the value of the statute. And that's sort of why we're at where we're at right now. I think that the interpretation of the statute is- Well, I'm going to jump into my last argument first, because I want to talk about the constitutionality of the statute. Because this is somewhat intriguing to me. In Illinois, of course, we have a separation of powers. And one of the fundamental concepts of that is that the legislature cannot create enactments which encroach upon an exclusive right of the court. One exclusive and obviously critical right of the court is its power to manage its docket. That would be inclusive of situations, of course, where the party may need to continue this. Now, I cite a case called Flora. And what Flora has done was a situation where the Supreme Court was interpreting a statute which stated that if a defendant willfully absences himself during a trial, or shall proceed with the trial, in reviewing that statute, the court was troubled by the mandatory, which, because such a construction would probably do violence to the separation of powers law, because the court has got the right to oversee its docket and to ensure the proper administration of the courts. That being the case, in order to give the statute a constitutional effect, it construed the shall as may. In other words, permissible. The court has the discretion. But the legislature can't compel the court to continue that case. Now, what's interesting about this case is that it did discuss 103-5. The reason why 103-5, you know, we don't have this problem with the 120-day rules, because when a case comes before the court, the court can plan in 120 days with its docket. The state has to try someone within, you know, four months. And in that sense, it has that, while the legislature can define a term, the court is not surrendering any kind of administrative capacity, because it can plan for that particular time period. But that consideration, I think, kind of goes out the window when you talk about subsection C, because you can't account for unforeseen circumstances that arise at or near the termination of a 120-day time period, or any time period that would fall within that perhaps additional time that the court granted, like we have in this case. I think that to interpret the statute as to basically telling the court, no, you can't grant a second continuance, which may take this past 180 days, is contrary to that constitutional principle that the Supreme Court discussed before us, because then you have now created a statutory scheme that, on the basis of the arising of an unforeseen circumstance, the court does not have the power to ensure fairness and to ensure a fair trial for both parties, to grant a continuance, when the state has made a good-faith showing of the necessity for that continuance. So I would submit that the interpretation that the state is proposing here does not deprive the defendant of any fundamental right. The defendant is still having a fixed time period that the state must try a case. If the state isn't making any further showings and the state doesn't try the defendant within this period of time, then the defendant is entitled to discharge. The defendant makes the argument that, well, the state's interpretation is absurd, because it would allow the state to basically seek ad infinitum continuances of the case, and that can't be what the legislature intended. The problem is that, well, number one, there's no such thing as infinite evidence, and therefore it's not really conceivable that such a situation could arise, and in any event, it's purely a far-from-hypothetical situation here. But number two, this isn't just a—it's not a mandatory statute. The state has to still make that requisite showing. There's still safeguards in place to ensure there's not an abuse of the system, and perhaps most of all, the court still exercises absolute discretion whether to grant that continuance or not. The court can't say, well, we've had enough. Now, what about the question of whether the state's interpretation somehow is abridging the constitutional underpinnings of the statute? The speedy trial statute is an embodiment, if you will, a reflection of the constitutional speedy trial process. And that's extensive, but the reason the legislature created it is— On constitutional speedy trial grounds, 120 days after charge? No. No. But that's sort of the point that I make. The 120 days serves as kind of a salient purpose, to say, well, with the 120 days, we know that there's not going to be a constitutional violation in a period of less than 120 days. But it doesn't follow logically from that that that's something that goes beyond 120 days. Even 180 days is itself a constitutional violation. So I think that any argument that can be made that the state's interpretation somehow diminishes the constitutional objective of the speedy trial statute is a fallacy. If you look at Barber v. Wingo, which is sort of one of your seminal constitutional speedy trial cases, that case discusses the fact that in a constitutional speedy trial context, there's always going to be a balance between the defendant's right to the speedy trial and yet still the public's interest in a resolution of a case that's being prosecuted against the defendant. There's always going to be that balance. Nothing in the state's interpretation goes against that balance because, as I said, this doesn't create an open-ended continence that goes on forever. It has safeguards. Safeguards that I think that the Barber court would certainly agree with are valid in that, okay, we're going to extend the time period of this, and this time period may go to here, but that's not going to be a constitutional speedy trial violation because the state has provided a compelling reason why it needs a continence in the case. And the court has exercised its power as the arbiter of law, if you will, to make that determination. Let me ask another question. Yes, Your Honor. This is not a situation where the state was trapped because, as you said earlier, everybody knew at the time the second continuance was granted that there was going to be a potential issue here. What the statute says is if you're going to keep the defendant in jail, you have to comply with these time frames. So, I mean, the state did have an option. They could have released the defendant on his own recognizance or reduced bail in some way. Absolutely. In other words, the state knew it was running the risk, okay, you turn the guy loose on bail and still have a trial, or you run the risk of keeping him in jail and he's released, period. I agree with that, yes. I agree. The problem I have with that, well, number one, the decision whether or not to pursue that, sometimes it's going to be dictated by the type of case that you have. This is an individual who's charged with first-degree murder, not charged with, you know, But there must have been some kind of weighing process that went on to run the risk that he's left Scott free. I hope so. You know, or let him out on recognizance. No doubt the state ran a risk here. Obviously, a risk that ran in his detriment at this point. But that was a risk that was made, I think. In terms of the particular circumstance of this case. Yes, that decision can be made. It cures us any time. But I don't know that it really matters. That the state had alternative options doesn't really bespeak how the statute is to be interpreted. Again, it's a legal, narrow issue about whether or not the state had alternatives. Then it shows me the decision to forego those alternatives. We still have to now decide what does the statute mean and what doesn't. To be honest with you, I've kind of covered pretty much everything. I ran through it. When I started with the constitutional interpretation, the constitutionality of the statute, I know that it's going to be difficult to probably get past the Supreme Court's pronouncements of the statute. I have a hard time with it myself. Which is probably why I extended 20-something pages of paper as I was turning it around. But I do think that there is a very important and I think a very logical interpretation of the statute in preserving its constitutionality. It's fair to the state. It's fair to the defendant. And it's not rebutted by the plain language of the statute. In fact, the plain language of the statute in the state's opinion is perfectly consistent. And that the contrary interpretation, if I may finish my sentence, just simply doesn't exist in the plain language of the statute. Thank you. Thank you, Mr. Daly. You'll have the opportunity for rebuttal. Mr. Beryl. Thank you, Your Honor. Your Honors, the state's interpretation is a strange and unusual interpretation of the statute that's perfectly clear. The statute says that a defendant in custody has to be brought to trial within 120 days. If there's evidence which can't be produced through no fault of the state that they've shown due diligence to produce in materiality, it can be extended for not more than an additional 60 days. Not more than an additional 60 days plus the original 120 days equals 108 days. In their brief, the state attempts to cast the defendant's argument as something that grabs some radical new language on the statute. But it doesn't. In fact, the opposite is true. The defendant just wants the language that's in the statute to be followed, the plain meaning of the language. The state's interpretation would actually require new language within the statute. The state's view would say that not more than 60 days would mean not more than 60 days per continuance, but that multiple continuances may be allowed given materiality and diligence. The number of continuances is only to be limited by the validity of each and every request. Now, that's not what's in the statute. If only statutes were that clear. Exactly. The statute says not more than 60. We believe that the state's interpretation would actually have the speedy trial statute die a death by a thousand cuts, you could say. They say 120 days plus 60, but they'll get 60 on one request, and in this case, 60 on another request for a total of 240. That could go on for a very long time. Now, the state seems to say that that's not infinite because there's not infinite evidence. But let's look at this case that we have before us here. In this case, Officer Reedy was unavailable for trial during the second continuance because he was deployed in Afghanistan. The deployments to Afghanistan are a year long right now. He was at the end of his deployment. What if he was at the beginning of his deployment? What if it was going to be 360 days before he was available? Does that mean under the state's view that you have to have six continuances of 60 days each so you don't offend the statute and give a 360-day continuance all at once, but you come back six times to argue the same motion to continue, and you take a step 60 days at a time to get a 360-day extension? That is not what the statute means. That's not the plain language of the statute. And none of the case law supports what the state says, and he was quite upfront about admitting that, and I appreciate that. But all the cases, they don't have the exact same issue as this case. That's true. This exact issue has not been brought before the court. But that's because the language of the statute is perfectly clear. Each case that mentions the statute, and they're cited in the defendant and the state's briefs, says that it's 180 days. And if we look at some of the Illinois Supreme Court cases, all in all, in 1973, the issue was whether the 60-day extension starts on the day of request or asked at the end of the 120 days. That's a little bit different issue than we have here, but the language in the case at page 447 says, in this case, the defendant was incarcerated for the maximum statutory term of 180 days. In People v. Love, in 1968, the Illinois Supreme Court addressed an issue of whether or not a delay between a warrant issue and arrest violates speedy trial. And they, in deciding that issue, they referenced the statute again and said, in our state, following the arrest of an accused, it is possible for the prosecution to secure up to 180 days, in which to bring the accused to trial. Finally, in People v. Arms, in 1972, the Illinois Supreme Court looked at a murder case, and the issue in that case was whether or not a speedy trial was offended by one 60-day continuance to obtain an unavailable witness. The court said that our Supreme Court held that Section 103-5C provides for an extension of the 120-day period for up to an additional 60 days, an extension, a single extension, for up to 60 days. The DNA cases are analogous here in that the language for the DNA is in the same section. It's a different time period, but it's the exact same language. It's just premised on a different reason. In our case, it's evidence for 60 days. In the DNA cases, it's DNA, which allows 120 days. But the language is the same, and so the analysis should be the same. In People v. Johnson, the 4th District in 2001 looked at a home invasion case, and the issue was, does the 120-day extension start from the date of the granting of the continuance, or does it add to the original 120-day period? The court held the DNA allows for an extension of 120 days for a maximum of 240 days. It's the same result that the defendant asked here. It's a different time period, same logic, same statute, same result. People v. Hill, the 1st District, looked at it in 2010 in a death penalty case, and there was a different issue. It was whether or not the state sought to timely file notice of death penalty. But they looked to their own decision in Exit, a case that's referenced here, and they said that pursuant to Section 103-5, the statutory period in which the defendant may be tried may be extended once by up to 60 days. The cases that were relied on below by the state, and the cases that are mentioned by the state here, are Alamo and Antrim, the support that it could be more than one continuance. The problem that we have below, the problem we have here with those cases, is although they were granted more than one continuance, the total of those continuances don't add up to more than 60 days. In Alamo, it's not really clear how long the second continuance was for, so we don't know. We don't know whether it was for longer or less, but it seems that there's no indication that it was longer than 60 days. The first continuance in Alamo was for 30 days, and in the opinion, it's not stated how long the second one was. But I think it's safe for us to assume that it wasn't over 60, because Alamo relied on Antrim, People v. Antrim. In that case, the continuance was only for 58 days. There is no case out there that supports what the state is saying. There's no case that says you can get 60, you can come back for another 80, you can get another 60. Let me speak to the idea that this is all dicta. And I admit that the exact issue hasn't been raised before or addressed by the court, but that doesn't mean that this court shouldn't follow the same logic in these other decisions. We're not bound to find that 2 plus 2 equals 4, but it would be illogical to say that 2 plus 2 equals 5, just because not that exact issue was raised. All these other opinions address the issue of the statute when analyzing it to a different issue or trying to draw comparisons or contrast it. And they come up to the same conclusion, that 120 plus the original 60 equals 180. The statutory construction argument also fails by the state. And the reason is, is that it's illogical to find a rule that has an exception that swallows the rule. The legislature saw fit to tell us that 120 days is the period to bring up the trial, that you can have an extension for 60 days. If that extension was able to be granted over and over, whether it's for different reasons or the same reason, it would swallow the rule. You would have people waiting in jail for 180, 240, 360 days, depending on the situation. And that's not logical. That's not what's in the statute, and that's not what statutory construction demands. Let me address the separation of powers argument that the state raises. The state says that the legislature can't constrain an inherent power of the judiciary, and that to limit the number of continuances would do so. But what is not clear is if you follow the state's argument, then how does the legislature limit the time period to 60 days? How can it be constitutional for the legislature to tell the judiciary that they can continue it as many times as they see fit, but they can only continue it 60 days at a time? That's not consistent. If it's violation of separation of powers to tell them on the number of continuances how many can be granted, then it should be violation of separation of powers to tell the judge that the continuance can only be for 60 days. If the state's argument is followed to its logical conclusion, the legislature should just say, Judge, you need to have a trial within 120 days unless you see fit to grant a continuance, and then you can grant a continuance to however long is proper. They shouldn't be able to tell you that you have this arbitrary 60-day limit. And that's why the separation of powers argument fails. It's not a violation of separation of powers to tell the judge that he can continue it for less than 60 days. And it's not separation of powers to tell him that he can continue it once for not more than 60 days. The state makes a lot about the 120 days and how it's the power of the court to manage their doctrine. And that's true. The court does have the power to manage their doctrine. But the defendant also has the right to a speedy trial. And that right is not something to be taken lightly. The state's argument seems to say that the court is 120 days off the bat if the defendant is in custody. But then after that, that the state needs to start showing due diligence and materiality. Well, we would disagree. We believe that the state needs to start doing that from day one when the defendant is in custody. That the 120 days is not a freebie 120 days that they get to decide what they're going to do in the case or where the witnesses are. And a lot of the cases that are decided on materiality or diligence are decided on just that. There's a case where the state waited until 119th or 120th day to find the loud person who analyzed the controlled substances. These are things that the state needs to worry about at the beginning of the case. And if we allow this exception to swallow the rule, what's going to happen is the state is going to give their 120 days and then they're going to come in and try to get 60 day extensions as many times as they need, whether it's for the same reason or different reasons. This is something that needs to be addressed on the first day that the defendant is in custody, not on the 120th day. The state's interpretation also seeks to use the speedy trial statute as a restriction on the defendant, but not a restriction on the state. They seek to couch the argument in terms that if we get you to trial within under 120 days, then you can't complain. You're automatically foreclosed from any type of speedy trial argument because we did it faster than 120 days. But if we take longer than 180 days with the extension, you can't complain either as long as we have a good reason. And that's not what the statute intends. The statute couldn't be any more clear. It says not more than 60 days. It doesn't say not more than 60 days for continuance. The argument that they make kind of reminds me of watching late night infomercials where you have somebody telling you that they're going to sell you a knife, against your knife it always is, for about more than $19.95. Sounds like a good deal. You order the product and you find out that after they got their credit card number, that it's not more than $19.95 for five easy payments of $19.95 that ends up being $100. It's that kind of view of the speedy trial statute that is going to end up with people being held in jail a lot longer than 120 days. Because these things come up in cases frequently. And for that reason, Your Honor, we ask that you find four who defended this case. Thank you, Mr. Burrell. Mr. Daly? I have a question, a follow-up to, for Mr. Daly, a follow-up to the defendant's hypothetical about what if this witness that was deployed to Afghanistan had been, you know, just deployed and you have the year, but then the state continued to take 60-day increment continuances and obviously they would meet the other criteria of due diligence and materiality. That seems to me that it would kind of gut the purpose of the speedy trial statute. Well, again, you're dealing with another far-flung hypothetical in this case. But that aside, anything is possible. But, again, the fact that the state can even meet the prerequisites for continuance doesn't mean the court is going to grant it. Okay? Conjuring up possible hypotheticals that don't exist and are not likely to exist is not a way to defeat a plain language interpretation of the statute because it's not an absurd interpretation. It's not even likely to occur. I grant the defendant's argument in that regard. You can probably have all sorts of different scenarios where the state may do this, that, or the other, but that's not the problem because if that were the problem, that's how the legislature should have addressed it in the statutory language. The statute can do that. The statute simply states, and I have to disagree with the defendant here, it speaks in terms of continuances by the court for a 60-day period. I'm talking 60 days plus 120 is 180. It talks about continuance periods of 60 days. But it says, what's the purpose of the word additional? Additional to what? It's an additional to the 120 days, but it doesn't mean an addition to 120 plus 60. It is continuances that occur after the expiration of the initial 120 days, which, as I said earlier, only involve the state having to deal with the consequences of getting a witness ready for trial and being ready to testify, and that would be a delay attributable to them. This statute deals with circumstances that arise where the state can't predict or foresee a particular circumstance from happening and to make that due diligence materiality shown. I want to talk about the argument the defendant raises about the 60 days and the constitutionality of the statute. It doesn't make sense in terms of the administration of the document. I've never argued that the legislature has no power to constrain the ability of a case to be tried within a certain time period. If that were true, then we wouldn't have a 120-day speeding trial period. Again, everything would fall under the construct of whether there's a constitutional speeding trial. The point is that by fixing the time, what we have is a situation where the state makes a representation about what their particular circumstances are, what level of diligence that they've pursued, what the materiality of the witness is, and based upon that sum, the court then makes a determination of how much time they should grant. Now, the legislature can limit that time period, but we're talking about 60 days. We're not talking about you have to try it tomorrow. So the court, just like the initial 120 days, is given an advanced knowledge of how to docket a case, how to prepare for a case to be brought to trial. The same principles that the Supreme Court in Florida has identified as upholding the constitutionality of 103-5A apply equally here. There's no distinction. It's just a matter of how much time the court has to look into the future. Based upon the state's representation, the state may say, we only need a week. The judge says, okay, we need a week. If the state says we need 120 days, well, I can't do that. I can give you 60 days, and that's when we're going to set this case to trial. If the state doesn't try it by then, the defendant's out. Now, the defendant talks about animal abuse. I do want to make mention of that. I don't rely on these cases. I made that pretty clear early in the brief. The state did talk about those. I think principally it talked about whether more than one extension can be sought for a continuance. But I don't think either of those cases, for the reasons the defendant states here, are really implicable. I disagree. So I don't want this court to have the impression that I'm relying on them. I'm not. But the defendant also kind of trots out all the cases that are actually brought up in the statement, in regards to the description of 180 days and all that. He says this court shouldn't deny the logic of those decisions. I'm not saying the Supreme Court knew the logic. What I'm saying is they just didn't employ any logic with respect to this issue because it never came up. And that's the whole point. Now is the time for a logical interpretation of the statute. And, of course, the people who request this court to accept the state's interpretation, logical interpretation based on plain language and the desire to uphold its constitution. Are there any other questions? No. Thank you, Mr. Daly, Mr. Burrell, Mr. Christensen.